UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-181(4) (PJS/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER REGARDING CARES ACT** |
| BRANDEN MICHAEL WOLFE, | ) ) ) |
| Defendant. | ) ) |

This matter is before the Court on the parties' Joint Motion pursuant to the CARES Act for a change of plea hearing via video.

On March 27, 2020, Congress passed the CARES Act, Pub. L. No. 116-136, which allows federal courts that have been materially affected by the coronavirus outbreak to authorize the use of video teleconferencing for certain criminal proceedings. *Id.* § 15002. Specifically, felony plea and sentencing hearings may be conducted by video teleconference if: (1) "the Judicial Conference of the United States finds that emergency conditions . . . with respect to the Coronavirus Disease 2019 (COVID-19) will materially affect the functioning of [ ] the federal courts," (2) the chief judge of a district finds that felony pleas and sentencings "cannot be conducted in person without seriously jeopardizing public health and safety," and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.* § 15002(b)(2).

On March 29, 2020, the Judicial Conference made the required finding that emergency conditions due to COVID-19 will materially affect the functioning of the federal courts. *See Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic* (March 31, 2020), https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19.

On March 30, 2020, the Chief Judge for the District of Minnesota issued General Order No. 5, *In Re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, in which he found felony pleas and felony sentencings in the District of Minnesota "cannot be conducted in person without seriously jeopardizing public health and safety."  The Chief Judge ordered:

> [I]f a judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video conferencing is not reasonably available, for the felony plea or sentencing in that case.

*Id.* ¶ 2.

In July 2020, the United States District Court – District of Minnesota developed a protocol for in-person hearings and resumed limited in-person hearings. *See Protocol for In-Person Hearings In the District of Minnesota*, (external website draft dated Aug. 20, 2020), https://www.mnd.uscourts.gov/sites/mnd/files/2020-0820_Protocol-for-In-Person-Hearings.pdf.  Given several factors, including high COVID-19 infection rates across the state of Minnesota, with active COVID-19 cases at record highs, on November 24, 2020, the Chief Judge for the District of Minnesota issued General Order No. 22, *In re Updated*

*Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*. General Order No. 22 encourages the use of videoconferencing in criminal proceedings and states, "The Court will continue to hold criminal proceedings using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available, when the defendant consents to appearing at the proceeding remotely." *Id.* ¶ 1. Pursuant to the Order, any such criminal proceedings that cannot be conducted via videoconferencing are continued until January 31, 2021. *Id.* ¶ 2.

Because the Judicial Conference and the Chief Judge of the District of Minnesota have made the required findings under the CARES Act, and because defendant and counsel have agreed to appear by video teleconference to proceed with the change of plea hearing this Court need only find specific reasons that the hearing in this matter cannot be further delayed without serious harm to the interests of justice.  The parties agreed that those reasons include the following:

1. Mr. Wolfe is currently in a half-way house and would like to have his case proceed forward without further delay;

2. In addition, a video conference is preferable to an in-person hearing to minimize direct interactions that could introduce unnecessary risk of exposure to COVID-19 during an in person court hearing.

The parties conferred and jointly moved this Court to make the required findings that the change of plea hearing in this matter should proceed by video, as it cannot be further delayed without serious harm to the interests of justice. CARES Act, § 15002(b)(2).

IT IS HEREBY ORDERED that:

The Parties' Joint Motion for a videoconference change of plea hearing pursuant to the CARES Act Section 15002(B)(2) [Docket No. 96] is GRANTED.

Dated: December 17, 2020

Honorable Patrick J. Schiltz
United States District Court Judge